**Victor R. POLEWSKY, Plaintiff,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, Defendant.**

Civ. A. No. 90–200.

United States District Court,
D. Vermont.

Oct. 11, 1991.

Robert B. Hemley, Gravel and Shea, Burlington, Vt., Jonathan I. Saperstein, Washington, D.C., for defendant.

OPINION AND ORDER

PARKER, District Judge.

On July 27, 1990, plaintiff filed a petition to vacate or set aside an arbitration award in favor of the defendant issued by the National Railroad Adjustment Board ("the Board"). Defendant National Railroad Passenger Corporation ("Amtrak") has moved for summary judgment in this case, and plaintiff has made a cross-motion for summary judgment.

The plaintiff argues that the Board did not have jurisdiction to hear his wrongful termination case on its merits because of the failure of defendant Amtrak to comply with the time limits set forth in the collective bargaining agreement.

For the reasons set forth below, defendant is entitled to summary judgment in its favor.

FACTS

The undisputed material facts are as follows. Plaintiff began working for defendant Amtrak as a signalman in 1983. Defendant is a commercial carrier subject to 45 U.S.C. § 151. In 1987, plaintiff established seniority as an Assistant Passenger Conductor on Amtrak's Northeast Corridor service between Washington, D.C. and Boston, Massachusetts. He worked in that position until his termination in 1988.

On May 28, 1988, while plaintiff was assigned to Train No. 94, he requested a seat check from a passenger. The passenger complained to the Conductor on duty, claiming plaintiff was rude to her. The passenger subsequently sent a written complaint to the defendant, which was dated June 2, 1988.

On June 2, 1988, a Lead Service Attendant who had witnessed plaintiff's remarks on Train No. 94 verbally reported the incident to defendant's Transportation Superintendent. At the Superintendent's request, the Attendant made a written report, which

Richard E. Davis, Jr., Richard E. Davis Associates, Inc., Barre, Vt., for plaintiff.

she submitted to him on or about June 15, 1988. On June 27, 1988 Amtrak charged plaintiff by letter with having acted in a rude and discourteous manner towards a passenger on May 28, 1988 while he worked aboard Train No. 94. An investigatory hearing was to be held on June 30, 1988 to determine the circumstances surrounding the incident aboard Train No. 94. After postponements the Investigation was held on July 29, 1988. Plaintiff was represented at the hearing by the United Transportation Union ("UTU"). Pursuant to the collective bargaining agreement, plaintiff and his representative had the opportunity to present evidence and testimony on plaintiff's behalf and to cross-examine adverse witnesses. The hearing officer who conducted the investigatory hearing determined that plaintiff had behaved in a rude and discourteous manner. In light of these findings, plaintiff was terminated by letter on August 23, 1988.

After unsuccessfully appealing plaintiff's termination to Company officials, the UTU appealed plaintiff's discharge to the National Railroad Adjustment Board, First Division, a tribunal established under the Railway Labor Act, 45 U.S.C. § 153 First, to arbitrate disputes arising under collective bargaining agreements. Based upon the record presented, including the aggrieved passenger's testimony, the Board held that plaintiff had "performed his duties in a rude and discourteous manner toward [the passenger] interfering with her consumption of her meal and providing ... ample justification for her complaint...." As a result, the Board upheld plaintiff's termination.

## DISCUSSION

Summary judgment should be rendered for the moving party if the court finds that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). In considering the motion, the court's responsibility is not to resolve disputed factual issues, but to determine whether there is a genuine issue to be tried. *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir.1991). The court must draw all reasonable inferences in favor of the non-moving party and only grant summary judgment for the moving party if no reasonable trier of fact could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–52, 106 S.Ct. 2505, 2509–12, 91 L.Ed.2d 202 (1986); *Knight v. United States Fire Ins., Co.*, 804 F.2d 9, 11 (2d Cir.), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1986).

I. *The Scope of Review of National Railroad Adjustment Board Decisions is Extremely Narrow*

The finality and binding nature of Board decisions, 45 U.S.C. § 153 First (m), warrants that judicial review of such award decisions is quite limited. *Coppinger v. Metro–North Commuter R.R.*, 861 F.2d 33, 36 (2d Cir.1988); *DeClara v. Metropolitan Transp. Auth.*, 748 F.Supp. 92, 94 (S.D.N.Y.1990), *aff'd*, 930 F.2d 911 (2d Cir. 1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 193, 116 L.Ed.2d 154 (1991); *Decker v. CSX Transp., Inc.*, 688 F.Supp. 98, 110 (W.D.N.Y.1988), *aff'd*, 879 F.2d 990 (2d Cir. 1989), *cert. denied*, 493 U.S. 1020, 110 S.Ct. 720, 107 L.Ed.2d 740 (1990). The Board (or arbitration panels designated by the Board pursuant to 45 U.S.C. § 153 First (i) and § 153 Second) has primary and exclusive jurisdiction over all employee grievances involving the interpretation or application of collective bargaining agreements (so-called "minor disputes"). *Union Pacific v. Sheehan*, 439 U.S. 89, 94, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978), *reh'g denied*, 439 U.S. 1135, 99 S.Ct. 1060, 59 L.Ed.2d 98; *Maine Cent. R.R. Co. v. United Transp.*, 787 F.2d 780, 781 (1st Cir.), *cert. denied*, 479 U.S. 848, 107 S.Ct. 169, 93 L.Ed.2d 107 (1986). There are strong policy reasons for such narrow judicial review, since the effectiveness of the Adjustment Board in fulfilling its task depends on the finality of its determinations. *Union Pacific*, 439 U.S. at 94, 99 S.Ct. at 402.

Judicial review of Board decisions is appropriate only in three specific instances:

The courts shall have jurisdiction to affirm the order of the division or to set aside, in whole or in part, or it may

remand the proceeding to the division for such further action as it may direct. On such review, the finding and order of the division shall be conclusive on the parties, except that the order of the division may·be set aside, in whole or in part, or remanded to the division, for [1] failure of the division to comply with the requirements of this chapter, [2] for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or [3] for fraud or corruption by a member of the division making the order.

45 U.S.C. § 153 First (q). Unless plaintiff's argument is rooted in one of the three exceptions, this court does not have jurisdiction to hear his appeal.

## II. *The Board Properly Confined Itself to Matters within its Jurisdiction in Reaching its Decision*

Plaintiff argues that review by this court is appropriate under section 153 First (q) because the Board failed to conform or confine itself to matters within its jurisdiction. Plaintiff contends that the defendant's failure to begin an investigation of the events related to his termination for more than twenty days after it received some form of notice of the incident removes the jurisdiction of the matter from the Board, since such time lapse violated the terms of the defendant's collective bargaining agreement with UTU.[1]

In accordance with the Railway Labor Act, there is a collective bargaining agreement in effect between UTU, which represents Assistant Conductors at Amtrak, and defendant Amtrak. Rule 25 of the Amtrak/UTU Collective Bargaining Agreement provides that "[t]rials on matters which do not involve employees being held out of service will be scheduled to begin within twenty (20) days from the date of management's first knowledge of such matters. If not so scheduled, the charge will become null and void."

The Board must make an interpretation of the collective bargaining agreement between plaintiff's union and defendant in order to properly confine itself to matters within its jurisdiction. The question for decision by a federal court "is not whether the arbitrator or arbitrators erred in interpreting the contract; it is not whether they clearly erred in interpreting the contract; it is not whether they grossly erred in interpreting the contract; it is whether they interpreted the contract." *Hill v. Norfolk & W. Ry.*, 814 F.2d 1192, 1195 (7th Cir. 1987). Thus an arbitration award made by the Board may be overturned "only if the reviewing court is convinced that [the arbitrator] was not trying to interpret the collective bargaining contract, but that instead he resolved the parties' disputes according to his private notions of justice." *Brotherhood of Locomotive Eng'ring v. Atchison, T. & S.F. R.R.*, 768 F.2d 914, 922 (7th Cir.1985). The Board's interpretation of the parties' contract need only be " 'rationally inferable, if not obviously drawn, from the letter or purpose of the collective bargain agreement.' " *Diamond v. Terminal Ry. Ala. State Docks*, 421 F.2d 228, 233 (5th Cir.1970) (quoting *Brotherhood of R.R. Trainmen v. Central of Ga. Ry. Co.*, 415 F.2d 403, 411–12 (5th Cir.1969)).

According to the undisputed facts of this case, defendant's Transportation Superintendent was informed in writing of the details of the incident on June 16, 1988. The Board held that. any notice received prior to that date was not sufficient to begin the 20–day period provided by Rule 25, since the Company could not be charged with knowledge of the "complex and varied" detail of the case other than in writ-

---

1. Plaintiff's argument that the Board did not have jurisdiction to hear this case is based on the fact that more than twenty days elapsed from June 2, 1988 (when the Attendant informed management of the incident) to June 30 (when the initial formal investigation was to take place). Because of various postponements, the investigatory hearing did not actually take place on July 29, 1988. Plaintiff does not argue that the July 29 date is problematic under the terms of the bargaining agreement. Rather, both parties treat June 30, 1988 as the relevant date for determining whether the defendant acted within the terms of its collective bargaining agreement with UTU, since this was the first scheduled date of any investigatory hearing for the plaintiff.

864

ing. Hence the Board interpreted the UTU–Amtrak collective bargaining agreement as requiring adequate notice—not simply any form of notice at all.

The Board made a reasonable interpretation of the collective bargaining agreement between plaintiff's union and defendant. In so doing, it did not fail to confine itself to matters within the scope of its jurisdiction. Because the 20–day period specified in Rule 25 of that agreement had not yet elapsed, the Board properly had jurisdiction over the matter. Accordingly, none of the exceptions contained in 45 U.S.C. § 153 First (q) are applicable here, so the findings and order of the Board are conclusive and binding on this court. The Board's decision is upheld, and defendant is entitled to summary judgment.

CONCLUSION

This court finds that there is no genuine issue as to any material fact in this case. Therefore, defendant's motion for summary judgment is GRANTED.